UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAFETY DIRECT LLC, A NEW YORK LIMITED LIABILITY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE US, INC., A DELAWARE CORPORATION<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Safety Direct LLC ("Plaintiff' or "Safety Direct"), through his attorneys, complains of Defendant T-Mobile US, Inc. ("Defendant" or "T-Mobile"), and alleges the following:

## PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at.

2. Defendant T-Mobile is a corporation organized and existing under the laws of the state of Washington, with its principal place of business at 12920 Southeast 38th Street Bellevue, WA 98006.

3. On information and belief, there may be other corporate affiliates of Defendant who participated in the infringing acts complained of herein. The identities of such affiliates are currently unknown, because publicly available information does not permit the identification of each affiliate who participated in the infringing acts. Plaintiff expects the identities of such affiliates to be revealed in discovery. Plaintiff reserves the right to amend this Complaint to name such affiliates, if necessary, once they have been revealed.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. §§1331 and 1338(a).

6. This court has personal jurisdiction over T-Mobile because T-Mobile resides in Washington. T-Mobile resides in Washington because its principal place of business is in Washington, at 12920 Southeast 38th Street Bellevue, WA 98006.

7. This Court also has specific personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

8.  Venue is proper in this district under 28 U.S.C. § 1400(b) because T-Mobile maintains its principal place of business is located in this district, has committed acts of patent infringement in this District, and has an established place of business in this District.

## PATENT-IN-SUIT

9.  Plaintiff is the assignee of all right, title, and interest in United States Patent No. US10,115,292 (the "Patent-in-Suit" or "the '292 Patent"); including all rights to enforce and prosecute actions for infringement and collect damages for all relevant times against infringers of the Patent-in-Suit.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

10. The inventor, Richard Abramson, assigned ownership of the patent to Plaintiff on June 20, 2023.  The signed assignment contract is attached as Exhibit 1.  The notice of recordation of assignment is attached as Exhibit 2.

11. The '292 Patent is attached to this Complaint as Exhibit 3.

## THE '292 PATENT

12. Plaintiff incorporates the above paragraphs herein by reference.

13. Richard Abramson is the sole named inventor of the '292 patent.

14. On May 19, 2016, Richard Abramson filed with the United States Patent and Trademark Office ("USPTO") Provisional Patent Application no. 62/338,575 (the '575 application) directed to his inventions.  On April 24, 2017 Plaintiff filed with the USPTO a non-provisional patent application, U.S. Patent Application No. 15/494,548 (the '548 application), claiming priority to the '575 application.  On October 30, 2018, the USPTO issued the '292 patent from the '575 application.  The '292 patent is entitled "System and Method for automatic loss prevention of mobile communication devices".

15. The '292 patent is valid and enforceable.  The '292 patent claims patent-eligible matter.

16. "[T]he prior art of record fails to disclose, teach, or suggest 'the ALPAS configured to have the option to turn on a "sync to activate" option; if the ALPAT is taken more than the user defined distance away from the mobile device, and then returns to within the user defined distance from the mobile device, the ALPAS is configured to reactivate if the "sync-to-activate" option is turned on in the ALPAS'". This is from the July 18, 2018 "Notice of Allowance and Fees Due (PTOL-85)", pdf page 7, in the prosecution of the '292 patent, and can be found here:

https://patentcenter.uspto.gov/applications/15494548/ifw/docs

17. The July 18, 2018 "Notice of Allowance and Fees Due (PTOL-85)" is attached as Exhibit 4 to the Complaint.

18. The patentee and the U.S. patent and trademark office reviewed the prior art regarding a system and method for automatic loss prevention of mobile communication devices. The U.S. patent and trademark office found the quoted section above (paragraph 20) to not be disclosed in the prior art, and so that section discloses the inventive concept of the '292 patent.

19. The asserted claims of the '292 patent are systems and method claims. One of these is claim 1, an independent system claim. Claim 1 is reproduced below, with parenthetical annotations to identify the different elements of the claim:

> A system for the automatic prevention of the loss of mobile communication devices by an owner, the system comprising:
>
> a mobile device that includes a processor and memory;
>
> Automatic Loss Prevention Alert Software ("ALPAS") installed on the mobile device; a device which functions as an Automatic Loss Prevention Alert Trigger ("ALPAT");
>
> an owner-defined distance after which alarms will activate on either the mobile device, the ALPAT or both;
>
> the ALPAS having the ability to detect when the ALPAT has moved away from the mobile device at the owner-defined distance;
>
> the ALPAS having the ability to activate an alarm that will flash the screen of the

mobile device brightly on and off and play a pre-recorded audio message repeatedly;

the ALPAT having the ability to play audio at a fixed decibel;

wherein the mobile device can potentially be any computing device, including a smartphone, a tablet or a wearable electronic device;

wherein only the owner of the mobile device can deactivate the alert by utilizing a unique password, or fingerprint, or other electronic id that is unique to the owner;

wherein the ALPAT can be a stand-alone small device, or can be an app on a wearable device; wherein the audio played in the event of an alarm on either the mobile device with the ALPAS or the ALPAT can be customized by the owner;

the ALPAS configured to have the option to enter an "at home safe zone" mode; the ALPAS configured to have the option to turn on a "sync to activate" option;

in the "at home safe zone" mode, the ALPAS is configured to deactivate so that if the ALPAT is more than the owner-defined distance away from the mobile device with ALPAS, then ALPAS will not initiate an alarm;

if the ALPAT is taken more than the owner-defined distance away from the mobile device, and then returns to within the owner-defined distance from the mobile device, the ALPAS is configured to reactivate if the "sync-to-activate" option is turned on in the ALPAS.

20. The last section (the last 4 lines) of claim 1 discloses the inventive concept of the '292 patent.

21. The asserted claims of the '292 patent are systems and method claims. One of these is claim 6, an independent method claim. Claim 6 is reproduced below, with parenthetical annotations to identify the different elements of the claim:

A method for the automatic prevention of the loss of mobile communication devices by an owner, the method comprising:

installing Automatic Loss Prevention Alert Software ("ALPAS") on a mobile device that includes a processor and memory;

the ALPAS communicating with a device which functions as an Automatic Loss Prevention Alert Trigger ("ALPAT");

the ALPAS constantly analyzing whether the ALPAT has moved away from the mobile device at an owner-defined distance;

the ALPAS having the ability to activate an alarm that will flash the screen of the mobile device brightly on and off and play a pre-recorded audio message repeatedly;

the ALPAS activating the alarm on either the mobile device, the ALPAT or both, if the ALPAS detects that the ALPAT has moved away from the mobile device at an owner-defined distance; the ALPAT having the ability to play audio at a fixed decibel;

wherein the mobile device can potentially be any computing device, including a smartphone, a tablet or a wearable electronic device;

wherein only the owner of the mobile device can deactivate the alert by utilizing a unique password, or fingerprint, or other electronic id that is unique to the owner;

wherein the ALPAT can be a stand-alone small device, or can be an app on a wearable device;

wherein the audio played in the event of an alarm on either the mobile device with the ALPAS or the ALPAT can be customized by the owner;

the ALPAS having the option to enter an "at home safe zone" mode;

the ALPAS having the option to turn on a "sync to activate" option;

in the "at home safe zone" mode, the ALPAS deactivating so that if the ALPAT is more than the owner-defined distance away from the mobile device with ALPAS, then ALPAS will not initiate an alarm;

if the ALPAT is taken more than the owner-defined distance away from the mobile device, and then returns to within the owner-defined distance from the mobile device, the ALPAS reactivating if the "sync-to-activate" option is turned on in the ALPAS.

22. The last section (the last 3 lines) of claim 6 discloses the inventive concept of the '292 patent.

**Count 1: Infringement of the '292 Patent**

23. Plaintiff incorporates the above paragraphs herein by reference.

24. Direct Infringement: On information and belief, T-Mobile and/or its affiliates, has been and continues to directly infringed each Asserted Claim of the '292 Patent in at least this District, by making, using, selling and offering to sell, without limitation, at least the Timex FamilyConnect smartwatch and the Timex FamilyConnect v1 smartwatch ("the Accused Products") that infringe the Asserted Claims of the '292 Patent as shown in the claim chart attached to this Complaint in Exhibit 5, literally or by the doctrine of equivalents.

25. As set forth in this claim chart in Exhibit 5, the Accused Products practice the technology claimed by the '292 Patent. Accordingly, the Accused Products discussed in these charts satisfy all elements of the Asserted Claims of the '292 Patent.

26. T-Mobile also has and continues to directly infringe, literally or under the doctrine of equivalents, the Asserted Claims of the '292 Patent, by having its employees internally test and use the Accused Products.

27. **Actual knowledge of Infringement.** Defendant had actual knowledge of the '292 Patent at least as of December 6, 2023 when 2 messages regarding this patent were sent to Defendant over LinkedIn. A copy of these December 6, 2023 LinkedIn messages are attached as Exhibits 6 and 7 to this Complaint. Exhibit 6 is a message to Kaylan T., listed as corporate counsel at T-Mobile. Exhibit 7 is a message to Max Caldwell, listed as senior corporate counsel – Intellectual Property at T-Mobile.

28. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale and market products that infringe the '292 Patent. On information and belief, Defendant has also continued to sell the Accused Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '292 Patent.

29. **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '292 Patent, literally or by the doctrine of equivalents, by selling the Accused Products to their customers for use in end-user products in a manner that infringes the Asserted Claims of the '292 Patent.

30. **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to contribute to their own customers infringement of the '292 Patent, literally or by the doctrine of equivalents, by selling the Accused Products to their customers for use in end-user products in a manner that infringes the Asserted Claims of the '292 Patent. The Accused Products are especially made or adapted for infringing the '292 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '292 Patent.

31. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on al issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against each Defendant as follows:

A. A judgment that Defendant has infringed directly, contributorily and/or induced infringement of one or more claims of the '292 Patent;

B. An accounting of all damages not presented at trial;

C. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284, for Defendants past infringement with respect to the '292 Patent;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284, for Defendants continuing or future infringement, up until the date such judgment is

entered with respect to the '292 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284.

E.  And if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i. That this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   j. That Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action;

   k. That Plaintiff shall have such other and further relief at law or in equity as the Court deems just and proper.

Dated:  December 14, 2023                    **MURTHY PATENT LAW INC.**

By:  /s/ Karthik K. Murthy
Karthik K. Murthy
K@MurthyPatentLaw.com
3984 Washington Blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

*Attorneys for Plaintiff*
Safety Direct LLC